UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY CASH MCDOWELL,

Plaintiff,

v.

TREVOR MURPHY,

Defendant.

Case No. 23-cv-02971 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, who is currently confined at the San Francisco County Jail, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Sheriff Deputy Trevor Murphy of the San Francisco County Sheriff's Department. Dkt. No. 1 at 2.[1] Plaintiff has filed a motion for leave to proceed *in forma pauperis* which will be addressed in a separate order. Dkt. No. 2.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

---

[1] This matter was reassigned to the undersigned on July 5, 2023. Dkt. No. 6.

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **Plaintiff's Claims**

Plaintiff describes his claim as "malpractice and professional negligence" and "miscarriage of authority." Dkt. No. 1 at 2. Plaintiff claims that on April 20, 2022, he was injured while playing basketball in the "rec area" due to "bad county issued shoes as well as slippery floor." *Id.* at 3. Plaintiff claims that Deputy Murphy contacted medical, but that he was not seen for almost two days. *Id.* Once Lt. Zehner found out, he had deputies escort Plaintiff to medical, forcing him to walk a "strenuous distance" on his injured leg. *Id.* He was diagnosed with a torn meniscus, and returned to his cell without support, such as a wheelchair. *Id.* On November 15, 2022, physical therapist D. Mullin saw that Plaintiff's right knee was still swollen with a torn meniscus. *Id.* Plaintiff claims he has asked for pain medications and written unanswered grievances. *Id.* Plaintiff claims "due to professional negligence and malpractice," he is seeking damages and corrective surgery. *Id.* Plaintiff claims he is permanently disabled and will never be able to perform construction or walk normal again. *Id.*

These allegations are insufficient to state a cognizable claim under § 1983. First of all, Plaintiff names only one Defendant – Deputy Trevor Murphy. However, his only allegation against Defendant Murphy is that he contacted medical. Dkt. No. 1 at 3. It is

unclear how this action resulted in injury to Plaintiff or violated his constitutional rights. Accordingly, this allegation is not sufficient to establish liability under § 1983 against Defendant Murphy.  Furthermore, Plaintiff asserts "malpractice and professional negligence" without explaining how Defendant Murphy's actions, or any other individual's actions, were tortious.  But even if he did so, claims of malpractice and negligence are not cognizable under § 1983, for such claims are insufficient to make out a violation of the Eighth Amendment.  *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  In other words, Plaintiff fails to satisfy the first element of a § 1983 claim, i.e., that a right secured by the Constitution or laws of the United States was violated.  *See West v. Atkins*, 487 U.S. at 48.

Plaintiff shall be granted leave to amend to attempt to state an Eighth Amendment claim based on deliberate indifference to serious medical needs.  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*).  A determination of a "deliberate indifference" claim involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *Id.* at 1059.

Regarding the first element, a serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60.  With regards to the second element, a prison

3

official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer* at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

In preparing an amended complaint, Plaintiff should keep the following in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 23-02971 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not

named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  ___October 30, 2023_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dism. With Leave to Amend
PRO-SE\BLF\CR.23\02971McDowell_dwlta

5